

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# Pevarnik v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pevarnik v. Comm Social Security" (2008). *2008 Decisions.* Paper 1365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1663
_____

THOMAS PEVARNIK,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

Appeal from the Order of the United States District Court
for the Western District of Pennsylvania
Civil No. 05-cv-01600
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 11, 2008
_____

Before: FUENTES, CHAGARES AND ALDISERT, Circuit Judges

(Filed March 28, 2008)

_____

OPINION

_____

ALDISERT, Circuit Judge

     Appellant Thomas Pevarnik appeals from an order of the United States District

Court for the Western District of Pennsylvania affirming the Commissioner of Social

Security's denial of disability benefits. Finding that substantial evidence supports the Commissioner's determination that Mr. Pevarnik was not disabled under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, we will affirm.

Because we write exclusively for the parties and the parties are familiar with the facts and proceedings below, we will not revisit them here.

I.

Federal court review of the Commissioner's determination is expressly limited. This Court must uphold the Commissioner's finding if it is supported by substantial evidence in the record. 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). Even if we would have decided differently, we must not set aside the Commissioner's determination if it is supported by substantial evidence. Id.

Because the Appeals Council denied Mr. Pevarnik's request for review of the Administrative Law Judge's determination, the ALJ's decision became the final decision of the Commissioner for purposes of judicial review. Thus, we will apply the substantial evidence standard to the ALJ's determination.

II.

The Act defines disability in terms of one's ability to function in the workplace. 42

U.S.C. § 1382c(a)(3)(A). To meet the Act's definition of disability, a claimant must show that he "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." Id. The Commissioner has established a five-step process for evaluating disability claims. The process requires the Commissioner to determine sequentially whether the claimant: (i) is working; (ii) has a severe medical impairment; (iii) has a severe medical impairment that meets or equals the criteria of an impairment listed in the regulations; (iv) can return to his past work; and (v) can perform other work based upon his residual functional capacity, age, education and work experience. 20 C.F.R. § 416.920(a)(4). In this case, the ALJ found that Mr. Pevarnik "has the severe impairments of bipolar depression/anxiety, a personality disorder, and a history of alcohol dependence, but that he does not have an impairment, or combination of impairments, that meets or equals one contained" in the regulations. App. 18. In addition, the ALJ found that Mr. Pevarnik possessed the residual functional capacity to perform work available in the national economy and therefore did not meet the Act's definition of disability. Id. at 19.

The ALJ's findings are supported by substantial evidence in the record. Mr. Pevarnik's own statements indicate that he had no limitations in performing a variety of personal care and household tasks. The ALJ also reviewed reports submitted by several mental health professionals who evaluated Mr. Pevarnik. Many of these reports indicated that Mr. Pevarnik could care for himself and his finances without limitation and possessed

a global assessment of functioning score of 65. Although the report of a physician identified as Mr. Pevarnik's treating psychiatrist indicated a more severe impairment and a global assessment of functioning score of 45, the ALJ noted that this report was inconsistent with this same psychiatrist's own notes documenting Mr. Pervarnik's prior sporadic visits of short duration with the physician, the opinions and reports of other consultative psychiatrists, and Mr. Pevarnik's own statements concerning his wide range of daily activities. Thus, the ALJ did not err in affording the treating psychiatrist's opinion only minimal weight.

The ALJ also heard testimony from a vocational expert concerning Mr. Pevarnik's ability to perform a job in the national economy. The ALJ asked the vocational expert to identify jobs, if any, requiring simple, routine, repetitive tasks, not performed in a production- or quota-based environment; involving only simple, work-related decisions and, in general, relatively few workplace changes; requiring no more than occasional interaction with supervisors and avoiding interaction and communication with co-workers and the general public; and requiring no prolonged reading for content or comprehension that a hypothetical person of Mr. Pevarnik's age, education and work experience could perform. Based upon this limiting criteria, the vocational expert identified a number of jobs available locally that such a person could perform. Thus, the ALJ did not err in determining that Mr. Pevarnik possessed the ability to perform work based upon his residual functional capacity, and we are satisfied that the ALJ's findings are supported by substantial evidence in the record.

We have considered all contentions of the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.